IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FUN SERVICES OF KANSAS CITY, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 12-cv-2062 CM/KMH |
| HERTZ EQUIPMENT RENTAL CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant Hertz Equipment Rental Corporation ("HERC") hereby removes this action from the District Court of Johnson County, Kansas, to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This removal is founded upon the United States Supreme Court's January 18, 2012 decision in *Mims v. Arrow Financial Services, LLC*, ___ U.S. ___, No. 10-1195, slip op. (U.S. Jan. 18, 2012), which established that this Court has federal question jurisdiction under 28 U.S.C. § 1331 over private actions, like this one, brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). As set forth below, the Supreme Court's decision in *Mims* constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable," and therefore this notice of removal is timely under 28 U.S.C. § 1446(b).

## I. FACTS AND PROCEDURAL HISTORY

1. On or about May 3, 2007, Plaintiff Fun Services of Kansas City, Inc. filed this action against HERC in the District Court of Wyandotte County, Kansas.

2. The petition purports to state claims for violations of the TCPA on behalf of the plaintiff and a putative class comprised of all individuals and entities in the United States, regardless of state of residence, to whom HERC sent fax "messages of material advertising the commercial availability of any property, goods, or services . . . with respect to whom [HERC] cannot provide evidence of prior express permission or invitation for the sending of such faxes."

3. The claims asserted in the petition are grounded exclusively upon alleged violations of a federal statute, the TCPA. The plaintiff initially pled a state law conversion claim, but dismissed that claim on October 15, 2008.

4. On June 6, 2007, HERC filed a timely notice of removal (the "First Notice of Removal") in this Court. (A copy of the First Notice of Removal, which includes the plaintiff's initial petition in the state court, is attached as Exhibit 1.) The removed action was assigned to the Honorable Judge Carlos Murguia and designated Case No. 2:07-cv-2244. In the First Notice of Removal, HERC asserted that the Court had federal question jurisdiction over the plaintiff's TCPA claim under 28 U.S.C. § 1331 because that claim arose under the laws of the United States, and that removal therefore was proper pursuant to 28 U.S.C. § 1441(b). (Ex. 1 ¶¶ 6-9.)

5. At the time HERC filed its First Notice of Removal in this case, the circuit courts of appeal were split on whether district courts had federal question jurisdiction over private TCPA actions, and the United States Supreme Court had not yet resolved that split. *Compare Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium*

*Servs., Ltd.*, 156 F.3d 432, 434 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1287–88 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); and *International Science & Technology Inst. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997) *with Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005); *see also ErieNet*, 156 F.3d at 521 (Alito, J., dissenting).[1]  The Tenth Circuit had not addressed the issue.  (Ex. 1 ¶ 7.)

6.  On July 7, 2007, the plaintiff filed a motion (the "Motion to Remand") to remand the action to state court.  (Doc. 6, Motion For Remand.)  The plaintiff argued that the Court should follow the majority of circuits, hold that it did not have federal question jurisdiction, and remand the action to state court.  (*See* Doc. 7, Memorandum Supporting Plaintiff's Motion For Remand, at 2-8.)  In its response to the Motion to Remand, HERC asserted that this Court did have federal question jurisdiction over this action under 28 U.S.C. § 1331 because TCPA claims "arise under" the laws of the United States.  (*See* Doc. 10, Defendant's Response to Plaintiff's Motion to Remand, at 2-9.)  HERC acknowledged the split in the federal circuit courts, but contended that the cases relied on by the plaintiff had been wrongly decided.  (*Id.*)  Moreover, HERC noted that the Tenth Circuit had not yet had an opportunity to address the issue, and suggested that this Court consider denying the Motion to Remand in order to permit the question to be certified for appellate review.  (*Id.* at 4 n.3.)

7.  On February 6, 2008, this Court entered a Memorandum and Order (the "Remand Order") granting the Motion to Remand.  (Doc. 17, Memorandum and Order.)  The Court ruled in the Remand Order that it lacked federal question jurisdiction over the plaintiff's TCPA claims

---

[1] In 2010, the Sixth Circuit joined the Seventh Circuit in holding that federal courts have federal question jurisdiction under private TCPA actions.  *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463-65 (6th Cir. 2010).

under 28 U.S.C. § 1331. (*Id.* at 5.) The Court explained that the statutory text "does not show that Congress intended to provide a federal forum. . . . [I]t appears that Congress made the judgment that 'the sound division of labor between state and federal courts governing the application of § 1331 in this context does not require federal question jurisdiction." (*Id.*)

8. Following remand, the action was transferred from the District Court of Wyandotte County, Kansas, to the District Court of Johnson County, Kansas. A scheduling order was entered, and the parties engaged in some discovery related to class certification issues. The action was stayed beginning in August 2009, at the request of the parties, pending the Kansas Supreme Court's decision in a separate putative class action brought under the TCPA, *Critchfield Physical Therapy v. The Taranto Group, Inc.*, No. 101-949. The Kansas Supreme Court issued its decision in *Critchfield* on September 30, 2011. The state court in this action thereafter lifted the stay, and entered an amended scheduling order on November 29, 2011. As a result of that stay, this action remains at an early stage in the proceedings. The parties are early in the process of conducting discovery relating to class certification. The plaintiff has not yet filed a motion for class certification, and the state court has not made any determination regarding whether a class should be certified.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS ACTION

9. The United States Supreme Court granted *certiorari* in *Mims* on June 27, 2011, to address the circuit split regarding whether federal question jurisdiction exists for private TCPA actions. In its petition for *certiorari* (a copy of which is attached as Exhibit 3), the petitioner in *Mims* cited the Remand Order, which remanded this case to the Kansas state court, to illustrate the unsettled nature of the landscape concerning federal question jurisdiction over private TCPA actions. (Ex. 2 at 7 n.2.)

10. On January 18, 2012, the United States Supreme Court issued its opinion in *Mims* (a copy of which is attached as Exhibit 3), unanimously holding that federal courts do have federal question jurisdiction under 28 U.S.C. § 1331 over private TCPA actions. (Ex. 3 at 2.)

11. *Mims* overruled the decisions of the majority of circuit courts of appeal, which had held that federal courts do not have federal question jurisdiction over private TCPA actions, and which precedent this Court followed in 2008 when it remanded this case following its initial removal. *Mims* conclusively establishes that, as HERC asserted in connection with its First Notice of Removal, this Court *does* have original federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over this private TCPA action.

## III. THIS NOTICE OF REMOVAL IS TIMELY

12. 28 U.S.C. § 1446(b) describes the instances in which removal is timely. First, a notice of removal is timely if filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). HERC timely filed its First Notice of Removal pursuant to that provision, and the plaintiff did not contend otherwise in its Motion to Remand.

13. Second, if "the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). This Notice of Removal is timely pursuant to that provision, because the Supreme Court's January 18, 2012 decision in *Mims* constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. This Notice of Removal is filed within thirty days of the issuance of the opinion in *Mims*. Under the circumstances of this case as set forth below, *Mims* constitutes an "order or other paper" from which it can "first be ascertained" that this action is, in fact, removable to this Court. 28 U.S.C. § 1446(b).

15. Courts generally have held that a decision rendered in a separate case does not constitute an "order" or "other paper" under 28 U.S.C. § 1446(b). *See, e.g., Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266-67 (5th Cir. 2001) (collecting cases).

16. Courts have created exceptions to that general rule, and those exceptions are evolving. For example, in *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993), the American Red Cross removed multiple actions against it to various federal courts, contending that federal courts had subject matter jurisdiction over the cases based on provisions in the Red Cross's congressional charter. 14 F.3d at 197. Some of those district courts disagreed, and remanded cases, including the *Doe* cases, to state court. *Id.* The United States Supreme Court subsequently granted *certiorari* in a separate case against the Red Cross that involved the same jurisdictional issue, because the circuit courts and district courts that had considered the issue had reached conflicting decisions, and the Court had decided to "answer this difficult and recurring question." *Id.* The Supreme Court issued an opinion in that separate case concluding that the provisions in the Red Cross's charter *do* create federal subject matter jurisdiction over claims against the Red Cross. *Id.*

17. The Red Cross filed second notices of removal in the *Doe* cases founded upon the Supreme Court's decision in the separate case. *Id.* at 198. The district courts remanded those cases, and consolidated interlocutory appeals to the Third Circuit were permitted. *Id.* The Court of Appeals held that the Red Cross's removals in the *Doe* cases were not precluded by 28 U.S.C.

6

§ 1447(d), which bars the review of remand orders "on appeal or otherwise." *Id.* at 200. The Third Circuit concluded that:

> The Red Cross is neither appealing the first remand order nor seeking a second removal based on the same grounds as the first. In the first removal, the Red Cross contended that its congressional charter permitted removal by conferring on the federal courts original jurisdiction. The district court disagreed with the Red Cross's interpretation of the "sue and be sued" provision in its charter and ordered the case remanded. *While the case was pending in state court, the Supreme Court settled the previously uncertain case law* by holding that the Red Cross charter permitted removal. The Red Cross filed a second removal and did not rehash its original argument, but instead *cited as its authority a new and definitive source, the intervening order of the highest court in the land*.

*Id.* (emphasis added). Because the Red Cross was neither appealing the remand order nor seeking review in the district court of its original removal, the Third Circuit agreed with the Red Cross that, "[t]here would appear to be no reason why this court . . . could not properly determine that *the Court's earlier order of remand, which has now been demonstrated to have been decided erroneously, should be reversed*, and that the Red Cross is now permitted to remove the case." *Id.* (emphasis added).

18.     The Third Circuit then addressed whether the second notices of removal filed in *Doe* were timely. The Court noted that the Supreme Court's decision in the separate case was specifically addressed to the Red Cross and, moreover, that the decision stated that the Red Cross "is thereby authorized to [remove] from state to federal court […] *any* state-law action it *is* defending." *Id.* at 201-202 (emphasis in original). The Third Circuit held that, under the circumstances in *Doe*, the Supreme Court decision in the separate case constituted an "order" under 28 U.S.C. § 1446(b), and the second notices of removal therefore were timely. *Id.* The Court made clear that it was not addressing what constituted an "other paper" under 28 U.S.C. § 1446(b), and was not deciding "whether a subsequent Supreme Court decision that does not

involve the same defendant in a similar type of action is 'other paper' authorizing removal." *Id.* at 202.

19. The district court in *Winningkoff v. American Cyanamid* addressed the situation that *Doe* did not address, and extended the rationale of *Doe* to find a second notice of removal timely. 2000 U.S. Dist. LEXIS 2587, at *16 (E.D. La. Mar. 1, 2000) (a copy of which is attached as Exhibit 4). In *Winningkoff*, the defendants had initially removed on the basis of diversity jurisdiction, arguing that certain non-diverse defendants could not be sued under state law. The district court disagreed, and remanded the case back to state court. After an intervening Louisiana Supreme Court decision changed the law with regard to the availability of certain state law claims, the defendants in *Winningkoff* filed a second notice of removal. The district court in *Winningkoff* noted that, in *Doe*, the Third Circuit had held that "re-removal was authorized because an intervening decision by the United States Supreme Court which resolved an unsettled area of law in Red Cross litigation was an 'order' as contemplated by § 1446(b)." *Id.* at *16. The district court held that, similarly, the intervening decision of the Louisiana Supreme Court, "which eliminated the basis of the original remand, was an 'order' from which the Defendants first ascertained that the case was re-removable" under § 1446(b). *Id.*

20. *Winningkoff* represents an extension of the exception described in *Doe*, because the defendants in *Winningkoff* were not parties to the Louisiana Supreme Court case that constituted the "order" under § 1446(b), nor was the Louisiana Supreme Court order directed specifically at them. Just as in *Doe*, however, *Winningkoff* involved an intervening decision that resolved an unsettled area of the law, and eliminated the basis for the original remand. The result in *Winningkoff* was the same as the result reached in several earlier district court decisions. In those cases, the courts similarly held that an intervening opinion in a separate case that

involves different parties, but which establishes federal court subject matter jurisdiction, can constitute an "order or other paper" giving rise to the right of removal. *See Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741 (E.D. Mich. 1987) (intervening Supreme Court decision); *Prassa v. Travelers Ins. Co.*, 1987 U.S. Dist. LEXIS 16038, at *5 (D. Ariz. June 15, 1987) (same); *see also Davis v. Time Ins. Co.*, 698 F. Supp. 1317, 1322 (S.D. Miss. 1988) (same, in *dicta*). Those decisions preceded *Doe*, and therefore did not explicitly address the exception to the general rule described in *Doe*.

21. The Fifth Circuit extended the exception described in *Doe* in *Green v. R.J. Reynolds Tobacco Co.* The defendants in that case initially sought removal on the basis of diversity jurisdiction, arguing that the only non-diverse defendants had been fraudulently joined because a state statute foreclosed actions against them. 274 F.3d 263, 256 (5th Cir. 2001). The district court disagreed and remanded the *Green* case to state court. *Id.* Thereafter, the Fifth Circuit issued an opinion in a separate case clarifying that, in fact, the state statute did prohibit claims of the type asserted against the non-diverse defendants in *Green*. *Id.* On the basis of the intervening Fifth Circuit precedent, the defendants in *Green* removed the case to federal court a second time. The Court of Appeals held that the defendants' re-removal in *Green* was timely because it was filed within thirty days of the Fifth Circuit's decision that clarified the law in a way that affected the existence of federal jurisdiction. *Id.* at 267-68. The court concluded that the earlier Fifth Circuit case clarifying state law constituted an "order" because the intervening decision involved the same defendants and a "similar factual situation and legal issue." *Id.* at 268. *Green* represents an extension of *Doe* because, unlike in *Doe*, the intervening higher court decision did not specifically address removal of other actions pending against the defendants. *See also Young v. Chubb Group of Ins. Cos.*, 295 F. Supp. 2d 806, 808-06 (N.D. Ohio 2003)

(permitting removal and citing *Doe* and *Green*); *Ancar v. Murphy Oil U.S.A., Inc.*, 2006 U.S. Dist. LEXIS 72180, at *15-16 (E.D. La. Oct. 2, 2006) (same); *accord Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 686 (S.D. Tex. 2003) (denying motion to remand and holding that removal within 30 days of United States Supreme Court decision that "clarified" federal preemption of claims was timely).

22.     Other courts have noted, in *dicta,* the common element that is at the heart of *Doe*, *Winningkoff*, and *Green*: the existence of a higher court decision that has fundamentally changed a previously unsettled legal landscape in a way that establishes federal court jurisdiction and eliminates the basis for the prior remand. *See Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (noting that, in both *Doe* and *Green*, the subsequent decision in another case "resolved a legal uncertainty concerning the existence of original federal jurisdiction"); *Haag v. Webster*, 434 F. Supp. 2d 732, 734-35 (W.D. Mo. 2006) (explaining while that the phrase "order or other paper" typically involves a change in the pending suit, "decisions from other, unrelated cases may qualify as an 'order or other paper,' [if a decision] *changes* the legal landscape in some manner" such as by declaring "that a case or type of case previously thought to be unremovable really was").

23.     Tenth Circuit has not yet ruled upon a case presenting the circumstances raised by this Notice of Removal, although in 1974, a panel of the Tenth Circuit (comprised entirely of judges from the Eighth Circuit, sitting by designation) did express, in *dicta*, agreement with the general rule that a subsequent decision in a separate case does not constitute an "order or other paper" under § 1446(b). *See O'Bryan v. Chandler*, 496 F.2d 403, 412 (10th Cir. 1974) (stating, in *dicta,* that a District of Connecticut district court had "properly held that § 1446(b) does not reach 'a subsequent court decision, in a wholly unrelated case'"). The *O'Bryan* panel's decision,

however, came before the cases described above, and therefore did not address the exceptions that have been created to the general rule noted in *O'Bryan*.[2]

24. This notice of removal is timely under the line of cases described above because the Supreme Court's decision in *Mims* constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable" under § 1446(b). Although there are differences between the removal of this case based upon *Mims* and the factual scenario involved in *Doe*, the decisions in *Winningkoff*, *Green*, *Young*, and *Ancar* demonstrate that subsequent notices of removal also are timely in cases that differ from *Doe* in certain respects. Those cases, and this one, all share the same key common elements: an intervening decision in a separate case (a) addressing the same legal issue as presented in the case being removed; (b) that fundamentally changes the legal landscape by resolving an unsettled question about the existence of federal jurisdiction; and (c) that eliminates the basis for the prior remand.

25. This case presents a narrow, specific set of circumstances that make it particularly appropriate to hold that the Supreme Court's decision in *Mims* constitutes an "order or other paper" under § 1446(b). As a result of HERC's initial removal, and this Court's decision to remand, this case joined a cohesive, related group of cases (which included *Mims*), all raising the exact same issue: whether federal question jurisdiction existed for private TCPA actions. In its timely First Notice of Removal, HERC asserted the same jurisdictional basis as was asserted in *Mims*, and preserved its position on that point. HERC was barred from appealing the Remand

---

[2] The Eighth Circuit has declined to apply *Doe* and *Green* to allow a subsequent notice of removal in a case where a defendant attempted to rely upon a Supreme Court decision establishing the existence of original jurisdiction. That case is distinguishable because the defendant there, unlike HERC, had not initially attempted to remove the case on that jurisdictional basis, and therefore the intervening Supreme Court decision did not eliminate the basis for the prior remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 970 (8th Cir. 2007).

Order under 28 U.S.C. § 1447(d), and therefore was unable to pursue its argument that federal question jurisdiction exists for private TCPA actions in the Tenth Circuit, and (potentially) in the Supreme Court.  Because of the procedural posture of *Mims* (a plaintiff asserting federal question jurisdiction for a TCPA claim), plaintiff Mims was able to appeal the jurisdictional ruling to the Eleventh Circuit, and then seek review in the Supreme Court.  In his petition for a writ of *certiorari*, plaintiff Mims specifically cited the Remand Order, thereby recognizing that this Court's Remand Order was an integral part of the unsettled legal landscape of TCPA jurisdiction he was asking the Supreme Court to conclusively define.  (*See* Ex. 2 at 7 n.2.)  The Supreme Court granted *certiorari* in *Mims* to resolve the split of authority on whether federal question jurisdiction exists for private TCPA actions.  The Supreme Court issued a decision in *Mims* conclusively resolving that issue – finding that federal question jurisdiction does exist for private TCPA actions – which fundamentally changed the legal landscape, and which eliminated the basis for this Court's Remand Order.  As in *Doe*, the Supreme Court's decision "settled the previously uncertain law by holding that" federal jurisdiction exists, and the second notice of removal is based upon "a new and definitive source, the intervening order of the highest court in the land." 14 F.3d at 200.  *Mims* was issued while this case is still pending, and, indeed, at an early stage in the proceedings, before the state court has resolved class certification issues.[3]

26. These circumstances all make this case sufficiently related to *Mims* that, under the line of cases discussed above, *Mims* constitutes an "order or other paper" under § 1446(b), and this notice of removal is timely.

---

[3] The state court has established, in the current scheduling order, a July 16, 2012 deadline for the filing of a motion for class certification, and that the hearing on a motion for class certification will be set in December 2012.

## IV.     REMOVAL TO THIS DISTRICT IS PROPER

27.     Pursuant to 28 U.S.C. § 1441(a) and D. Kan. Rule 81.1(b), removal to this Court is proper because the state court action is pending in Johnson County District Court, which is within the Tenth Judicial District of Kansas.

28.     Pursuant to 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c), written notice of the filing of Notice to Plaintiff of Removal and Notice to the District Court of Johnson County will be promptly served.  A copy of each is attached as Exhibit 5.

29.     Pursuant to D. Kan. Rule 40.2(c) Defendant hereby designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Timothy E. Congrove
    Timothy E. Congrove, #15516
    J. Eugene Balloun, #04892

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
tcongrove@shb.com
eballoun@shb.com

ATTORNEYS FOR DEFENDANT HERTZ EQUIPMENT RENTAL CORPORATION

4880346 v1