IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FUN SERVICES OF KANSAS CITY, INC., individually and on behalf of all others similarly situated,<br>           Plaintiff,<br><br>v.<br><br>HERTZ EQUIPMENT RENTAL CORPORATION,<br>           Defendant. | Case No. 12-2062-CM |

**MEMORANDUM AND ORDER**

Plaintiff Fun Services of Kansas City brings this action individually and on behalf of a putative class against defendant Hertz Equipment Rental Corporation ("HERC"). Plaintiff alleges that defendant's unsolicited faxes violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The action was originally filed in the District Court of Johnson County, Kansas, on May 3, 2007. On January 31, 2012, defendant filed a notice of removal pursuant to the United States Supreme Court's decision in *Mims v. Arrow Financial Services, L.L.C.*, 132 S. Ct. 740 (2012), holding that federal question jurisdiction exists under 28 U.S.C. § 1331 for private claims for damages brought under the TCPA. The case is before the court on Plaintiff Class's Motion to Remand Again (Doc. 6). In this motion, plaintiff argues defendant's notice of removal should be denied as untimely. Because the court concludes that the *Mims* decision does not provide a new basis for removal, and because defendant's notice of removal—filed several years after the commencement of this action arising under federal law—is untimely, the court grants plaintiff's motion to remand. Defendant also filed two other related motions: Defendant's Motion for Leave to File Supplemental Notice of Removal (Doc. 21) and

Hertz Equipment Rental Corporation's Request to Hear Oral Argument (Doc. 26). Both of these motions are denied.

## I. Factual Background

On June 6, 2007, defendant HERC first removed this action, asserting federal question jurisdiction under 28 U.S.C. § 1331. *Fun Servs. of Kan. City, Inc. v. Hertz Equip. Rental Corp.*, No. 07-2244-CM (Doc. 1, Notice of Removal). This court issued an order granting plaintiff's motion to remand to state court for lack of subject matter jurisdiction. *Id.*, 2008 WL 341475 (D. Kan. Feb. 6, 2008) (Doc. 17, 2008 Remand Order). Upon defendant's second notice of removal, plaintiff's second motion to remand alleges, among other things: (1) defendant's notice of removal is untimely because the petition previously was removable on other grounds; (2) *Mims* is not an "other paper or order"; and (3) the court should award fees and expenses for improper removal.

## II. Discussion

### A. *Earlier Removability*

28 U.S.C. § 1446(b) states, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." If the original petition was removable or if this is not the first time that removability can be ascertained, then under § 1446(b) the removal notice is untimely.

Defendant contends that before the *Mims* decision was issued, there was no reasonable basis upon which to seek removal. Defendant removed the original petition based on § 1331, but the court remanded the case back to state court for lack of jurisdiction. Plaintiff asserts that the original petition was removable on different grounds: 28 U.S.C. § 1332(d), diversity jurisdiction in class actions (the

Class Action Fairness Act, or "CAFA").  Section 1332(d)(1)(D)(2) states, "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class action."

The removing party, at a minimum, has the burden to prove by a preponderance of the evidence that the jurisdictional amount has been satisfied.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Removal requires "clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to an interrogatory."  *Akin v. Ashland Chemical Co.*, 156 F.3d 11030, 1036 (10th Cir. 1998).  The defendant must be able to "intelligently ascertain removability."  *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979).  But a defendant need only show jurisdictional facts such as the amount in controversy.  *McPhail v. Deere & Co.*, 529 F.3d 947, 955–56 (10th Cir. 2008).

The key question here is when defendant had clear and unequivocal notice of the potential amount in controversy and number of plaintiffs.  *See Butler v. Rue 21, Inc.*, No. 1:11-CV-09, 2011 WL 882782, at *7 (E.D. Tenn. Mar. 11, 2011).  In the Tenth Circuit, courts do not impose on defendants a duty to investigate to determine removability.  *Akin*, 156 F.3d at 1035–36.

Plaintiff's original petition alleged a class action, asserting defendant had sent unsolicited facsimile advertisements to at least thirty-eight people.  (Doc. 1-1.)  The petition asked for statutory damages of $500.00 per violation.  If defendant wanted to remove based on CAFA jurisdiction, it could have submitted evidence of how many faxes it sent out in order to establish the amount in controversy was over $5,000,000.  *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448–49 (7th Cir. 2005); *Fun Servs. of Kan. City, Inc. v. Parrish Love d/b/a Asphalt Wizards*, No. 11-0244-W-ODS, 2011 WL 1843253 (W.D. Mo. May 11, 2011).  But defendant did not calculate its

potential exposure and seek to remove on that basis at that time. Based on *Akin*, the court does not believe that defendant was obligated to do so.

In an August 2007 letter, however, plaintiff states, "As you know the database of HERC rental in Kansas contains 2,311 entities and you stated up to 15 faxes were transmitted by Hertz to these entities. Your maximum exposure assuming 15 faxes sent to each entity would be $17,332,500 (2,311 entities x 15 faxes x $500." (Doc 23-1, at 1.) Even if defendant could not ascertain from the original petition that the case was removable based on CAFA jurisdiction, it could have ascertained it from the August 2007 settlement letter. Based on plaintiff's letter, defendant knew the potential damages and potential number of plaintiffs, which would have brought the case under CAFA jurisdiction. But defendant did not timely pursue CAFA jurisdiction. Although defendant was under no obligation to undertake an investigation to determine whether the case was removable, defendant was also not at liberty to ignore plaintiff's counsel's statements in August 2007 identifying the potential scope of the case. The settlement letter was a clear statement by plaintiff that the amount in controversy was over $5 million and the number of potential plaintiffs exceeded one hundred. The court therefore remands the case because the case was removable based on the August 2007 letter. The instant attempted removal is untimely.

### B. Impact of Mims

In addition, *Mims* is not an "order or other paper" to commence a thirty-day removal period. This court has federal question jurisdiction over "all claims 'arising under the Constitution, laws, or treaties of the United States.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citing 28 U.S.C. § 1331). A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). Ordinarily, the defendant must file the removal notice within thirty days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1).

But "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Generally, a judicial decision in unrelated cases is not an "order or other paper" that will trigger the thirty-day removal period. *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1202, 1110 (S.D. Ill. 2007). Courts "have generally found that ["other papers"] refers to a document generated within state court litigation." *MiraCorp., Inc. v. Big Rig Down, LLC*, No. 09-2049-KHV, 2009 WL 790189, at *5 (D. Kan. Mar. 24, 2009). Once the thirty-day time period in 28 U.S.C. 1446(b) expires, any attempt at removal is untimely unless some change in the nature of the action creates a new basis for removal.

The release of the Supreme Court's decision, *Mims*, clarifying that claims under the TCPA can justify federal question jurisdiction, does not constitute a new basis for removal under 28 U.S.C. § 1446. This case is not similar to cases where a decision from the Supreme Court constituted a new basis for removal such as in *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993) and *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 268 (5th Cir. 2001). *Mims* did not expressly direct defendant to remove its pending cases. Further, defendant was not a party to the *Mims* decision. Removal statutes are strictly construed and the court resolves all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The *Mims* decision does not provide a new basis for removal, and defendant's notice of removal is untimely.

### C. Attorney's Fees

Despite the fact that removal is not proper, the court denies plaintiff's request for fees and expenses. "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005).

The court may deny attorney's fees where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).  The court has discretion whether to award attorney's fees on remand to state court.  *See Kan. ex rel. Morrison v. Price*, 242 F. App'x 590, 593 (10th Cir. 2007) (reviewing award of fees under Section 1447(c) for abuse of discretion).  Defendant has shown there is authority outside of this jurisdiction that could support its basis for removal to federal court.  Defendant cites to recent developments on the issue of re-removal based on a contrary court decision.  Because defendant made good-faith arguments and cited appropriate authority to support its position that re-removal was appropriate after a contrary court decision was made in *Mims*, the court denies fees and expenses for removal.

### D.  Motion to Supplement Removal

Defendant's subsequent motion for leave to file supplemental notice of removal is also denied because this court now lacks jurisdiction over the matter.  "As a district court is wholly deprived of jurisdiction following remand, it logically follows that a district court has no jurisdiction to entertain a motion to amend the notice of removal, or allow amendment to the notice of removal following remand."  *Maggio Enterprises, Inc. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 930 (D. Colo. 2001).[1]  Moreover, the court has already addressed defendant's argument that the case only recently

---

[1] The court could have addressed the motion to supplement before addressing the motion to remand (despite the fact that defendant filed the motion to supplement after plaintiff filed the motion to remand).  If the court had done so, the court would have still had jurisdiction to consider the motion to supplement.  In this case, however, the order in which the court addresses the motions ultimately does not matter, as the parties raised the same arguments in both.  Based on the rationale explained above regarding the timeliness of defendant's removal, a supplemental notice of removal is futile and would only delay matters unnecessarily.

became removable based on CAFA and rejected it.  Defendant's proposed supplement is futile. Because this court grants Plaintiff's Motion to Remand Again (Doc. 6), this court lacks jurisdiction to decide the motion for leave to file supplemental notice of removal.

### E. *Motion for Oral Argument*

Finally, the court has reviewed the motion for oral argument. The parties have adequately briefed the issues and the court understands the parties' positions.  Oral argument is therefore unnecessary, and the court denies defendant's request for oral argument.

**IT IS THEREFORE ORDERED** that Plaintiff Class's Motion to Remand Again (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Supplemental Notice of Removal (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that Hertz Equipment Rental Corporation's Request to Hear Oral Argument (Doc. 26) is denied.

The Clerk is directed to remand this case to state court and close the case.

Dated this 2nd day of July, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**